IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY GIBSON, JR. and SHAWNA GIBSON, husband and wife, | ) ) ) | CASE NO.:  8:16-cv-296 |
| Plaintiffs, | ) ) ) | **COMPLAINT AND JURY DEMAND** |
| v. | ) ) | |
| BRIESON JENSEN and FARMERS CO-OPERATIVE, | ) ) ) | |
| Defendants. | ) ) | |

COME NOW, the Plaintiffs, Gary Gibson, Jr. and Shawna Gibson, by and through their undersigned counsel, and for their Complaint against Defendants, Brieson Jensen and Farmers Co-Operative, state and allege as follows:

## THE PARTIES

1. Plaintiff, Gary Gibson, Jr. ("Gary Gibson"), is a resident of Pueblo, Pueblo County, Colorado.

2. Plaintiff, Shawna Gibson ("Shawna Gibson"), is a resident of Pueblo, Pueblo County, Colorado and is married to Plaintiff Gary Gibson.

3. Defendant, Brieson Jensen ("Jensen"), upon information and belief, was at all relevant times a resident of Wisner, Cuming County, Nebraska.

4. Defendant, Farmers Co-Operative ("Farmers"), is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business at 325 West 1st Street, Pilger, Stanton County, Nebraska, 68768. Upon information and belief, at all relevant times, Farmers employed Jensen.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because all Defendants reside in this judicial district and the events giving rise to Plaintiffs' claim occurred in this judicial district.

## FACTUAL BACKGROUND

7. On or about June 26, 2013, Gary Gibson was operating a Kenworth semi-truck with a loaded flatbed.

8. On or about June 26, 2013, at approximately 3:37 p.m., Gary Gibson was driving his truck northbound on Highway 57 in Wayne County, Nebraska.

9. On or about June 26, 2013, Jensen was operating a RoGator agricultural fertilizer spreader within the scope of his employment for Farmers.

10. On or about June 26, 2013, at approximately 3:37 p.m., Jensen was driving the RoGator on or around 857 Road and/or Highway 57 in Wayne County, Nebraska.

11. Jensen negligently operated his RoGator and caused a collision between the RoGator and Gary Gibson's semi.

12. Jensen was negligent in one or more of the following ways:
    (a) Jensen failed to safely operate his vehicle;
    (b) Jensen failed to yield the right-of-way;
    (c) Jensen made an improper turn;
    (d) Jensen failed to keep a proper lookout at all times while operating his vehicle;
    (e) Jensen failed to observe the laws and ordinances of the State of Nebraska; and/or
    (f) Jensen failed to exercise reasonable care under the circumstances.

13. Farmers was also negligent in the hiring, retention, supervision, and training of Jensen, as detailed below.

14. Jensen's negligence and Farmers' negligence were the sole and proximate causes of the June 26, 2013 collision.

15. Gary Gibson was severely and permanently injured in the collision with Jensen's RoGator.

16. Following impact, the cab of Gary Gibson's semi-truck collided with a group of trees and quickly caught fire.
17. Gary Gibson has incurred severe, permanent bodily injuries, burns, disfigurement, disability, past and future medical expenses, past and future pain and suffering, and past and future loss of income and earning capacity as a result of Jensen's and Farmers' negligence.
18. As a result of the collision, Gary Gibson has been permanently disabled.
19. As a result of the collision, Gary Gibson has incurred past medical expenses of at least $115,375.37, which continue to accrue, with the particular amount to be proven at trial.
20. As a result of the collision, Gary Gibson will require future medical care in an amount to be determined at trial.
21. As a result of the collision, Gary Gibson has lost past wages in an amount to be proven at trial.
22. As a result of the collision, Gary Gibson will incur future lost wages and lost earning capacity in an amount to be proved at trial.
23. As a result of the collision, Shawna Gibson has lost the full care, comfort, assistance, services, society, and companionship of her spouse, Gary Gibson.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT JENSEN

24. Plaintiffs incorporate the allegations of Paragraphs 1 through 23 above as if fully set forth herein.
25. Defendant Jensen negligently caused a collision between the vehicles operated by Gary Gibson and Jensen on or about June 26, 2013.
26. Defendant Jensen was the proximate cause of the collision.
27. Defendant Jensen's negligence proximately caused Plaintiff Gary Gibson to incur (a) severe and permanent bodily injuries, (b) past and future pain and suffering, (c) past and future loss of enjoyment of life, (d) past and future medical expenses, (e) past and future lost income and earning capacity; and (f) past and future inconvenience.

28. Plaintiff Gary Gibson's damages proximately caused by Defendant Jensen's negligence are in excess of $75,000.00, with the particular amount to be proven at trial.

## COUNT II
## VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR
## AGAINST DEFENDANT FARMERS

29. Plaintiffs incorporate the allegations of Paragraphs 1 through 28 above as if fully set forth herein.

30. While operating his RoGator on or about June 26, 2013, Defendant Jensen was working within the scope of his employment for Defendant Farmers.

31. Defendant Jensen negligently caused a collision between the vehicles driven by Defendant Jensen and Plaintiff Gary Gibson.

32. Defendant Jensen's negligence proximately caused Plaintiff Gary Gibson to incur (a) severe and permanent bodily injuries, (b) past and future pain and suffering, (c) past and future loss of enjoyment of life, (d) past and future medical expenses, (e) past and future lost income and earning capacity; and (f) past and future inconvenience.

33. Under the doctrine of *respondeat superior*, an employer is held vicariously liable for the negligent acts of an employee committed while the employee was acting within the scope of the employer's business.

34. Under the doctrine of *respondeat superior*, Farmers is liable for Plaintiffs' damages caused by Jensen's negligence occurring within the scope of Jensen's employment on June 26, 2013.

## COUNT III
## NEGLIGENT HIRING AGAINST DEFENDANT FARMERS

35. Plaintiffs incorporate the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

36. Farmers hired Jensen to operate Farmers' heavy agricultural machinery.

37. Prior to the time Farmers hired Jensen, Farmers knew or should have known the following:

    (a) Jensen was unfit to safely operate heavy agricultural equipment on or near the highway;

4

(b) Jensen had evidenced a pattern of disregarding the safety of other drivers;

(c) Jensen has evidenced a pattern of disregarding and violating the Nebraska Rules of the Road; and

(d) Jensen has evidenced a propensity to negligently operate his vehicle.

38. Prior to the time Farmers hired Jensen, the date of which is currently unknown to Plaintiffs and will be sought through discovery, Farmers knew or should have known that Jensen was cited and/or convicted of the following offenses:

(a) On or about March 12, 2010, Jensen was cited and ultimately convicted for violating a stop sign and operating in violation of the terms of his driver's license;

(b) On or about July 31, 2010, Jensen was cited for exceeding the speed limit by 11-15 miles per hour;

(c) On or about October 22, 2011, Jensen was cited and ultimately convicted for exceeding the speed limit by 11-15 miles per hour;

(d) On or about October 13, 2012, Jensen was cited and ultimately convicted for careless driving;

(e) On or about November 11, 2012, Jensen was cited for first offense driving while intoxicated with a blood alcohol level of .115. At the time of the offense, Jensen was only 19 years old;

(f) On or about January 26, 2013, Jensen was cited and ultimately convicted for minor in possession of alcohol;

(g) On or about April 1, 2013, Jensen was convicted and sentenced for the November 11, 2012 DUI to one year of probation and had his driver's license suspended for 60 days;

(h) On or about June 7, 2013, Jensen was cited and ultimately convicted for minor in possession of alcohol. Jensen's possession of alcohol was a violation of his probation imposed as a result of the November 11, 2012 DUI. As a result of the probation violation, Jensen's driver's license was suspended on August 13, 2013 for 6 months; and

(i) On or about June 19, 2013, Jensen was cited and ultimately convicted of violating a stop sign.

39. Farmers negligently hired Jensen to operate heavy agricultural machinery on or near the highway.

40. Farmers had a duty to appropriately investigate Jensen's driving record, background, and qualifications prior to hiring him to operate heavy agricultural machinery on or near the highway.

41. Farmers failed to take reasonable care in selecting Jensen and researching and reviewing his background, driving history, and qualifications for safely operating heavy agricultural machinery on or near the highway.

42. Had Farmers made a reasonable investigation, it would have revealed that Jensen was unfit to safely operate heavy agricultural equipment on or near the highway.

43. Farmers was unreasonable in hiring Jensen in light of the information Farmers knew or should have known prior to or at the time the hiring decision was made.

44. While working for Farmers, Jensen failed to safely operate his vehicle and negligently caused the collision with Gary Gibson's vehicle on June 26, 2013, less than 30 days after Jensen's license was temporarily reinstated and only one week after he was cited for violating a stop sign.

45. Farmers' negligent hiring of Jensen contributed to and proximately caused Plaintiffs' damages incurred in the June 26, 2013 collision.

## COUNT IV
## NEGLIGENT RETENTION AGAINST DEFENDANT FARMERS

46. Plaintiffs incorporate the allegations of Paragraphs 1 through 45 above as if fully set forth herein.

47. Farmers hired Jensen to operate Farmers' heavy agricultural machinery.

48. Prior to the June 26, 2013 collision between Jensen's vehicle and Gary Gibson's vehicle, Farmers knew or should have known the following:

    (a) Jensen was unfit to safely operate heavy agricultural equipment on or near the highway;

    (b) Jensen had evidenced a pattern of disregarding the safety of other drivers;

    (c) Jensen has evidenced a pattern of disregarding and violating the Nebraska Rules of the Road; and

    (d) Jensen has evidenced a propensity to negligently operate his vehicle.

6

49. Prior to the June 26, 2013 collision between Jensen's vehicle and Gary Gibson's vehicle, Farmers knew or should have known that Jensen was cited and/or convicted of the following offenses:

    (a) On or about March 12, 2010, Jensen was cited and ultimately convicted for violating a stop sign and operating in violation of the terms of his driver's license;

    (b) On or about July 31, 2010, Jensen was cited for exceeding the speed limit by 11-15 miles per hour;

    (c) On or about October 22, 2011, Jensen was cited and ultimately convicted for exceeding the speed limit by 11-15 miles per hour;

    (d) On or about October 13, 2012, Jensen was cited and ultimately convicted for careless driving;

    (e) On or about November 11, 2012, Jensen was cited for first offense driving while intoxicated with a blood alcohol level of .115. At the time of the offense, Jensen was only 19 years old;

    (f) On or about January 26, 2013, Jensen was cited and ultimately convicted for minor in possession of alcohol;

    (g) On or about April 1, 2013, Jensen was convicted and sentenced for the November 11, 2012 DUI to one year of probation and had his driver's license suspended for 60 days;

    (h) On or about June 7, 2013, Jensen was cited and ultimately convicted for minor in possession of alcohol. Jensen's possession or alcohol was a violation of his probation imposed as a result of the November 11, 2012 DUI. As a result of the probation violation, Jensen's driver's license was suspended on August 13, 2013 for 6 months; and

    (i) On or about June 19, 2013, Jensen was cited and ultimately convicted of violating a stop sign.

50. Farmers negligently retained Jensen to operate heavy agricultural machinery on or near the highway.

51. Farmers had a duty to appropriately investigate Jensen's driving record, background, and qualifications after hiring him to operate heavy agricultural machinery on or near the highway.

52. Farmers failed to take reasonable care in retaining Jensen and obtaining, reviewing, and/or disregarding information concerning Jensen's driving record, qualifications, and ability to safely operate heavy agricultural equipment.

53. Had Farmers made a reasonable investigation, it would have revealed that Jensen was unfit to safely operate heavy agricultural equipment on or near the highway.

54. Farmers was unreasonable in retaining Jensen in light of the information Farmers knew or should have known prior to the June 26, 2013 collision.

55. While working for Farmers, Jensen failed to safely operate his vehicle and negligently caused the collision with Gary Gibson's vehicle on June 26, 2013, less than 30 days after Jensen's license was temporarily reinstated and only one week after he was cited for violating a stop sign.

56. Farmers' negligent retention of Jensen contributed to and proximately caused Plaintiffs' damages incurred in the June 26, 2013 collision.

## COUNT V
## NEGLIGENT SUPERVISION AND TRAINING
## AGAINST DEFENDANT FARMERS

57. Plaintiffs incorporate the allegations of Paragraphs 1 through 56 above as if fully set forth herein.

58. Farmers hired Jensen to operate Farmers' heavy agricultural machinery.

59. At the time of the June 26, 2013 collision, Jensen was only 19 years old.

60. Farmers had a duty to supervise and train Jensen to operate Farmers' heavy agricultural machinery on or near the highway.

61. Farmers breached its duty to supervise and train Jensen by failing to properly instruct and train Jensen regarding how to safely operate heavy agricultural equipment on or near the highway.

62. Farmers breached its duty to supervise and train Jensen by failing to properly instruct and train Jensen regarding how to cross the highway in a safe manner while operating heavy agricultural equipment.

63. While working for Farmers, Jensen failed to safely operate his vehicle and negligently caused the collision with Gibson's vehicle on June 26, 2013, less than

30 days after Jensen's license was temporarily reinstated and only one week after he was cited for violating a stop sign.

64. Farmers' negligent failure to adequately supervise and train Jensen contributed to and proximately caused Plaintiffs' damages incurred in the June 26, 2013 collision.

## COUNT VI
## LOSS OF CONSORTIUM
## AGAINST DEFENDANTS JENSEN AND FARMERS

65. Plaintiffs incorporate the allegations of Paragraphs 1 through 64 above as if fully set forth herein.

66. Defendant Jensen negligently caused a collision between the vehicles operated by Gary Gibson and Jensen on or about June 26, 2013.

67. Defendant Farmers is directly and vicariously liable for Plaintiffs' damages caused by Jensen's negligence occurring within the scope of Jensen's employment on June 26, 2013.

68. As a result of the severe injuries Plaintiff Gary Gibson sustained in the June 26, 2013 collision, Plaintiff Shawna Gibson has lost the full care, comfort, assistance, services, society, and companionship of her spouse, Gary Gibson.

69. The injuries to Plaintiff Gary Gibson are permanent and Plaintiff Shawna Gibson will continue to suffer the loss of the full care, comfort, assistance, services, society, and companionship of her spouse, Gary Gibson.

70. Plaintiff Shawna Gibson's loss of consortium was proximately caused by the negligent acts of Defendants Jensen and Farmers, which caused Shawna Gibson to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gary Gibson, Jr. and Shawna Gibson respectfully request this Court enter judgment in their favor and against Defendant Jensen and Defendant Farmers for damages for Plaintiff Gary Gibson's severe, permanent bodily injuries, disfigurement, past and future pain and suffering, loss of enjoyment of life, disability, and inconvenience, for Plaintiff Shawna Gibson's loss of consortium claim for the loss of the full care, comfort, assistance, services, society, and companionship of her spouse, for special damages for Plaintiff's past medical expenses in an amount

expected to exceed $115,375.37, which continue to accrue, special damages for Plaintiff's future medical expenses in an amount to be proven at trial, special damages for Plaintiff's past lost income in an amount to be proven at trial, which continue to accrue, special damages for Plaintiff's future lost income and earning capacity in an amount to be proven at trial, and any and all further and other relief the Court deems fair and just.

## JURY DEMAND

Plaintiffs, Gary Gibson, Jr. and Shawna Gibson, demand a jury trial as to all triable issues in this action and requests that trial be held in Omaha, Nebraska.

DATED this 24th day of June, 2016.

                                            GARY GIBSON, JR. and SHAWNA
                                            GIBSON, husband and wife, Plaintiffs.


                         BY: _____
                                 Alexander D. Boyd, #25065
                                 Fraser Stryker PC LLO
                                 500 Energy Plaza
                                 409 South 17th Street
                                 Omaha, NE 68102-2663
                                 (402) 341-6000
                                 aboyd@fraserstryker.com
                                 ATTORNEYS FOR PLAINTIFFS

1265152.05