IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY GIBSON, JR. and SHAWNA GIBSON, husband and wife, | ) ) ) | CASE NO.:  8:16-cv-296 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DECLARATION OF ALEXANDER D. BOYD** |
| BRIESON JENSEN and FARMERS CO-OPERATIVE, | ) ) ) | |
| Defendants. | ) | |

I, Alexander D. Boyd, declare as follows:

1. I am above the age of 21 and am competent to testify. I have personal knowledge of all facts set forth herein.

2. I am one of the attorneys for Plaintiffs Gary Gibson, Jr. and Shawna Gibson.

3. I submit this Declaration in support of Plaintiffs' Brief in Opposition to Defendants' Motion to Compel Mental Examination and for Leave to Allow Defendants' Expert Witnesses to Supplement their Expert Witness Reports.

4. Attached hereto as Exhibit A is a true and accurate copy of the February 18, 2014 neuropsychological evaluation authored by Dr. David Hopkins and provided to Defendants with Plaintiffs' Initial Disclosures on September 2, 2016.

5. Defendants' counsel conducted the depositions of Gary Gibson, Jr., Shawna Gibson, and their son Tristen Gibson in Omaha, Nebraska on December 29, 2016.

6. In accordance with the Final Progression Order (Filing No. 15), Plaintiffs disclosed their expert witness and full reports on February 1, 2017.

7. Attached hereto as Exhibit B is a true and accurate copy of the January 12, 2017 report authored by Dr. Thomas Haley regarding Dr. Haley's December 28, 2016 neuropsychological evaluation performed on Gary Gibson. This report was provided to Defendants' counsel on February 1, 2017.

EXHIBIT 1

8. On or about March 23, 2017, counsel for Defendants requested an additional 30 days to disclose Defendants' medical experts and counsel for Plaintiffs agreed to the requested extension.

9. On April 3, 2017, Defendants disclosed an accident reconstructionist expert and confirmed the 30 day extension to disclose Defendants' medical experts on May 3, 2017.

10. On April 11, 2017, a telephone conference was held with Magistrate Judge Zwart regarding the case progression, deadlines, and a potential mediation. The Court further extended Defendants' expert disclosure deadline to May 10, 2017, extended the deposition deadline to June 30, 2017, extended the deadline for *Daubert* motions to July 14, 2017, and left unchanged all other deadlines. Filing No. 35 ¶ 2, Filing No. 36 (text order). Defendants did not request any revival or extension of the prior deadline for motions to compel Rule 35 examinations. Defendants similarly did not make any request for any mental examination of Plaintiff.

11. On May 10, 2017, Defendants served their Rule 26 expert reports and disclosures for their experts, including a neuropsychiatrist Dr. Terry Davis and a neuropsychologist Dr. Deborah Hoffnung.

12. Counsel for Plaintiffs intend to depose Dr. Davis and Dr. Hoffnung and have requested from Defendants' counsel dates to do so.

13. The Gibsons traveled to Omaha, Nebraska on May 15, 2017 for an ultimately unsuccessful mediation. Defendants did not request to perform any examination of Mr. Gibson while he was in Omaha, Nebraska.

14. On May 23, 2017, during a pre-scheduled telephone conference with Magistrate Judge Zwart, Defendants' counsel for the first time requested that Dr. Davis and Dr. Hoffnung both be permitted to conduct mental examinations on Gary Gibson in Omaha, Nebraska. Counsel for Plaintiffs objected, but offered to have Dr. Haley send his underlying raw data from his examination of Mr. Gibson to Defendants' experts for their own independent review of that data. Dr. Haley has agreed to produce his raw data to Defendants' experts.

15. On June 1, 2017, Defendants filed the pending Motion to Compel a Rule 35 Mental Examination. Filing No. 47.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 15, 2017.

_____
Alexander D. Boyd

1693280.01

To: Liz Bivens    Page 2 of 5                           2014-02-18 19:53:30 (GMT)              17192182627 From: David Hopkins, Ph.D., PC

**DAVID C. HOPKINS, Ph.D., PC**
Consulting Neuropsychology/Rehabilitation Psychology
Mailing Address: 1372 Lindenwood Grove, Colorado Springs, CO 80907

Offices At:
Juniper Group,                     Phone: (719) 314-7773           **708 Hunter Drive**
224 E. Willamette Ave.   Fax: (719) 636-8989 Pueblo, CO 81001
Colorado Springs, CO 80903         (719) 248-6581

## Neuropsychological Evaluation

Patient:                 **GIBSON, GARY**            DOB: 03/25/1969
Referred by:             Dr. D. K. Caughfield        SS No: XXX-XX-2769
Primary care physician:  Dr. Terrence Lakin
Date of Injury:          06/26/2013                  Claim No: 3576687
Insurance Carrier:       Pinnacol Assurance, Liz Bivens
Date Evaluated:          01/15/2014—Interview; 02/07/2014—Testing

**RECEIVED FEB 21 2014 from Respondents**

**History of Present Illness**: Mr. Gibson is a 44-year-old married male who was referred for neuropsychological evaluation following a motor vehicle accident, which occurred during the course of his employment on June 26, 2013. According to the medical records and his report, he was driving a semi truck, which went off the road. His head slammed into the dash during the accident, and he was unconscious for a brief period. There was no retrograde amnesia, but there is a two-day period of anterograde amnesia with some islands of memory during that time. He has had a variety of treatments but continues to have persistent headaches, sleep issues and mental status deficits. He is currently seeing Dr. Caughfield for pain management and is taking gabapentin, ibuprofen, and Naprosyn. He currently has restrictions of no lifting.

**Prior Medical History:** Mr. Gibson denies any history of prior traumatic brain injury or psychiatric injury or chronic pain. He has been relatively healthy. He does not use alcohol or drugs and is not using medical marijuana.

**Social History:** Mr. Gibson currently lives with his wife of 21 years. They have three biological children who are ages 15 to 23 and five adopted children ages 9 to 18. They have been acting as foster parents for much of their married life. He is a rancher and heavy equipment mechanic. He drives a service vehicle and repairs and services machinery in the field. Mr. Gibson has a high school education and did not have learning disability, developmental delay, or attention deficit disorder. He attended veterinary assistance school for about one year. His father died of surgery of his cervical spine, and this is a touchy area for Mr. Gibson.

**Clinical Interview:** Mr. Gibson was jovial and talkative and presented with a full and bright affect. He tended to minimize his problems psychologically but was able to verbalize both pain and cognitive difficulties calmly. He denied problems that would suggest major depression or anxiety, although he did report some difficulties with sleep. He stated that he was having headaches. His headaches are of a tension variety that often trigger a migrainous headache. He noted that he was healing from burns from his accident and had multiple areas of discomfort including in the cervical and lumbar spine.

Page 1 of 4

**EXHIBIT A**

To: Liz Bivens    Page 3 of 5    2014-02-18 19:53:30 (GMT)    17192182627 From: David Hopkins, Ph.D., PC

David C. Hopkins, Ph.D.
Consulting Neuropsychology/Rehabilitation Psychology

Cognitively, he complains of word-finding problems and easy distractibility. He states that he has trouble with his cooking and with other tasks that require multitasking. He often forgets what is in the oven or microwave and has to be hypervigilant with his cooking. He also has some difficulty generating ideas when talking to people and gets a headache when he reads. This latter difficulty may be the result of positioning of the neck. He did not feel that he had a specific visual disturbance. In addition, he noted some irritability, which he felt was contrary to his personality and which began shortly after the accident.

Mr. Gibson worked diligently on all tests administered. Those tests which are sensitive to performance effort found no evidence for symptom magnification or for malingering, and it was felt that his performance was valid.

**Test Results:** On the MMPI-2, Mr. Gibson endorsed items in such a way as to minimize psychological distress and to present himself in a most favorable light. Patients with this profile are not particularly psychologically-minded and tend to respond more to physical explanations. In addition, they tend to respond to stress with physical complaints after using repression and denial and distractibility as front-line coping strategies. There is evidence for a mild reactive depression with worry, which Mr. Gibson appears to be working very hard at pushing under the rug. Health concerns seem to account for much of the clinical elevations.

Mr. Gibson appears to be functioning at about the average level using the WAIS-IV as an estimate of his baseline. His Verbal Comprehension Index of 93 places him around the 32nd percentile, while his Perceptual Reasoning Index of 92 places him around the 30th percentile. Working memory and processing speed were not felt to be significantly different than his verbal skills; the latter of which are usually not affected by traumatic brain injury at this level.

Although still within normal limits, it would appear that his perceptual problem solving is a little slow, particularly on the Block Design subtest, although his accuracy was good. He needed some repetition on the arithmetic subtest, suggesting that working memory was inconsistent.

Tests of executive function found his problem solving and cognitive set shifting to be well within the average range with T scores of 51 and 48, respectively, and consistent with his estimated baseline. Letter fluency was mild to moderately impaired with a T score of 34 corrected for age and education. Category fluency was within normal limits but below average with a T score of 43. On the Digit Vigilance Test, he again revealed an average level of attention and working memory, although his processing speed both on Trails B and on Digit Vigilance was below average, suggesting a trend towards a mild level of difficulty. Finger tapping was above average, as would be expected, given his occupation.

On the Wechsler Memory Scale—III, Mr. Gibson's Auditory Immediate Memory Index of 86 falls at the 18th percentile and is lower than anticipated. He was slow on his first trial learning on paragraph material and also for the verbal paired associates. However, with



RECEIVED FEB 21 2014 from Respondents

GIBSON 000643

David C. Hopkins, Ph.D.
Consulting Neuropsychology/Rehabilitation Psychology

a list of unrelated words, his first trial recall was above average. In contrast, his Visual Immediate memory Index of 103 falls solidly in the average range at about the 58th percentile and seems to represent a little better performance with visual than with verbal material.

After a delay, he was able to retrieve 100 percent of paragraph-length material and verbal paired associates, as well as recognize faces and recall complex visual pictures. He had less success retrieving a list of unrelated words, recalling only 80 percent after a short delay and then 50 percent of those items after a longer delay. Nevertheless, this seemed to be more of a retrieval problem than a storage or consolidation problem since his recognition of list items with distractors was with 100% correct.

**Discussion:** Mr. Gary Gibson is now about eight months post traumatic brain injury in which he experienced a grade 3 concussion, along with other multiple physical injuries. He continues to have some chronic pain and is having sleep disturbance as well. He is being treated by Dr. Lakin and also by Dr. Caughfield. His current medications do not seem to be responsible for any affect on his neuropsychological testing, and the test results are felt to be an accurate reflection of his current neurobehavioral status.

Mr. Gibson does appear to have a masked depression with a tendency to over focus on both physical and cognitive symptoms and to develop some catastrophic response when he notices subtle changes in his physicality. His intellectual testing finds him solidly within the average range with some mild slowing in his perceptual problem-solving speed. Nevertheless, overall processing speed and working memory were technically within normal limits, although there were some inconsistencies noted.

Mr. Gibson appears to have a mild but significant difficulty with retrieving information from long-term storage as evidenced by poor retrieval of a list of unrelated words, and a reduction in his verbal fluency scores. He seemed to have a mild slowing in how much complex verbal material he could assimilate quickly. While processing speed was grossly intact, it was somewhat slower than anticipated. His executive function appears to be quite good both for behavioral regulation and also for complex and abstract problem solving. He was able to recall non-verbal material quite well, and verbal material if it was related in the form of a paragraph or paired associates.

Overall, Mr. Gibson appears to have mild neurobehavioral deficits associated with retrieval and processing speed and to a lesser degree with working memory. These are consistent with the mechanisms of his injury, and the test results are also consistent with his reported difficulties in daily life. Overall, he seems to have made a good recovery from what was a significant Grade III concussion. His overall level of dysfunction is relatively mild and it would appear that he should be able to develop adequate compensatory strategies to continue to function successfully both vocationally and avocationally from a cognitive perspective. In this latter respect, he may find that his work is slightly slower, more mentally labored with more rapid level of fatigue. Although it does not appear that he has lost his intellectual or problem-solving skills.

Page 3 of 4
Gibson, Gary-Neuropsychology Eval-2014



RECEIVED
FEB 21 2014
from Respondents

02/18/2014  12:57PM

David C. Hopkins, Ph.D.
Consulting Neuropsychology/Rehabilitation Psychology

**IMPRESSION**

**Concussion, Grade III (850.1).**
**Cognitive Disorder (294.9).**
**Adjustment reaction with depressed mood (309.0).**

**Recommendations:**

1. Mr. Gibson would be a good candidate for six to eight sessions of biofeedback and relaxation training in order to learn some cognitive behavioral coping strategies to deal more effectively with his pain. I would suggest Mr. William Beaver provide this intervention.

2. Mr. Gibson is a good candidate for three to six neuropsychological counseling sessions in order to give him feedback on the testing and to help him develop some compensatory strategies that would increase his effectiveness both at home and eventually at work if he makes a good physical recovery. It seems that at the present time, his physical limitations are more potent in preventing him from successfully working than his cognitive limitations.

3. Mr. Gibson has some mild depression but at this point does not seem to be an appropriate candidate for psychotropic medication.

# David C. Hopkins

David C. Hopkins, Ph.D.
Colorado License Number 2290

DCH/lc

pc: Dr. Terrence Lakin☐
pc: Dr. D. K. Caughfield☐
pc: Liz Bivens @Pinnacol Assurance☐

RECEIVED
FEB 21 2014
from Respondents

Page 4 of 4
Gibson, Gary-Neuropsychology Eval-2014

02/18/2014   12:57PM

GIBSON 000645

# NEUROPSYCHOLOGICAL EVALUATION

PATIENT: Gary Gibson
DOB: 03/25/1969

Date of Interview: 12/28/2016

Date of Testing: 12/28/2016

Date of Report: 01/12/2017

**HISTORY OF PRESENT ILLNESS:**
Mr. Gibson was involved in an accident on June 26, 2013 involving an explosion of his truck which caught fire after it struck by a tractor hauling a sprayer attachment. In order to avoid further injury to other cars, Mr. Gibson went into the left ditch and into a grove of trees. His truck caught fire, he lost consciousness. His 14-year-old son, who was in the truck with him, pulled him from the truck and saved his life. Injuries sustained include closed head trauma, posttraumatic cervical problems, lumbosacral problems and problems in his left shoulder and left neck. He was burned in areas on his left arm, left hip, left shoulder, left hemithorax and an area above the belt along with several smaller areas on his body. He has undergone significant medical intervention since this accident. He had a previous neuropsychological evaluation done in January and February of 2014. The results of that evaluation found the presence of a cognitive disorder as well as a diagnosed concussion, grade 3 and adjustment reaction with depressed mood.

The purpose of the present evaluation is to determine the current level of neuropsychological functioning at this point in Mr. Gibson's life. Supporting materials reviewed include the records from the Faith Regional Health Services in Norfolk Nebraska, the records from St. Mary-Corwin Hospital, MRI done on December 7, 2016, the records of the department of occupational medicine in Pueblo Colorado, the records of occupational and environmental health services in Colorado Springs, Colorado, records of William A. Beaver, MA, LPC, the report from David C. Hopkins, Ph.D. and several pictures of the accident and the injury sustained by Mr. Gibson.

**BACKGROUND INFORMATION:**
Mr. Gibson was alert, oriented, and cooperative for this assessment. In addition to the records reviewed that are mentioned above, he was interviewed in terms of his background.

He tells me he was rendered unconscious in this accident and has about two days of no memory following the accident. He tells me that he has had significant problems since the accident and has not returned to work. The greatest difficulty for him in addition to memory problems, the pain he experiences, and the difficulty concentrating and finding his way is that he is not being able to go to work to do his job. He states he has not been unemployed since he was 8 years old. He considers himself to have been a hard worker all his life. He states that memory and physical disability are the biggest blocks to his



EXHIBIT B

return to work at this time. He feels very hurt not to be able to do it. He does not feel safe doing it anymore and gets quite depressed and disturbed because he cannot return to work.

He tells me he has daily problems with his memory. He states that he forgets routine things and gets lost as well as not being able to retain new things in his mind. He does not know what he will do from this point on, and he is very hopeless about it. He was able to do a lot of things before and was always able to rely on himself to solve problems and to provide for his family. But he says now what he is going to do because he cannot do the things he used to and is not able to sustain any sort of employment situation.

Mr. Gibson was born and raised in Pueblo Colorado. He grew up with his grandma and grandpa. He has two half brothers. One he has not seen in about four or five years and the other he sees once or twice a year. He has experienced working on farms and ranches. He started working with his grandfather until he was about 17. He then worked into mechanical work and was an equipment mechanic for about eight years. Then he brought his own service truck. He sees himself as a jack of all trades including house builder, sheet rocker, plumber, and mechanic. He states that it scares the hell out of him that he might not be able to do those things again.

He is married to Shawna for 25 years. They have eight children, three of whom are still at home. In interview with Shawna, she indicates that Gary has significant anger issues that he did not have before. He gets frustrated when he cannot remember and he struggles to remember details. Also, he often sleeps in his chair because he is hurting and frustrated. The medications that he is taking are not working. He struggles physically with headaches, dizziness, and body aches. He struggles with compassion, understanding and reasoning. He gets lost in his own house, he does not drive. He gets lost in the town that he grew up in. She went on to tell me that Gary shutdown after the accident where he will be angry with the kids and he would be unwilling to do things. At the present time, he had such a personality change that he seems like a different person. He was a workaholic and he has tried to go back to work but it is not working for him. For example, he would call her and asked questions about how to fix something and would not know what to do with the particular equipment. She also states that he does not sleep, and he has vertigo.

**TESTS ADMINISTERED:**
Include a clinical interview, the neuropsychological symptom check list, The Wechsler Adult Intelligence Scale, Fourth Edition, the Shipley Institute of Living Scale, Second Edition, the Wisconsin Card Sorting Test, the Color Trails Test I and II, The Rey Auditory Verbal Learning Test, the Sacks Sentence Completion Test, the Temple Orientation Test, the Time Interval Estimation Test, the Rapid Alternating Movements Test, Various Go/No-Go Tasks, the Boston Naming Test, and the Controlled Oral Word Association Test, and the Judgment of Line Orientation Test.

The neuropsychological symptom check list indicates that Mr. Gibson is encountering blurred vision, ringing in his ears, muscle weakness, coordination problems, balance

problems, problems with dropping things, numbness, tingling, pins and needles, loss of feeling in the skin, pain, headaches, forgetting the time and day, meeting, and general memory problems. He cannot think as quickly as before, finds this hard to think clearly, is easily distracted, cannot concentrate, and has trouble with common sense. He states he has had trouble using tools, remembering the right word when talking, and trouble with stress, tension, anxiety, and loss of interest.

Intellectual functioning indicates that Mr. Gibson is encountering difficulty with processing speed and verbal comprehension. Using the WAIS-IV, and Mr. Gibson has an overall intellectual level within an average range. There are significant deficits in the area of verbal comprehension and processing speed. Individual subtest scores are within an average range, with timed testing at well below average, thus indicating a difficulty with attention, concentration, and attention to detail.

The Shipley Institute of Living Scale, Second Edition is also administered. This indicated difficulty with abstract problem-solving and concept formation. Mr. Gibson had difficulty just capturing the overall idea of a problem and had difficulty organizing and focusing in order to solve problems just from the perspective of common sense reasoning. This demonstrates deficits in the area of speed of processing, attention, concentration, abstract problem-solving, and the concept formation.

Visual-spatial functioning appears to be intact utilizing the Judgment of Line Orientation Test, and block design subtest of the Wechsler Adult Intelligence Scale Fourth Edition. He is able to perceive angles, relationships in an effective and positive manner.

Memory functioning is significantly impacted. The Rey Auditory Verbal Learning Test was administered. He had a very positive learning curve, but had significant difficulties in conditions of interference, long-term and short-term retention. He demonstrated difficulty with organization on this memory test and some difficulty with perseveration. He had rapid forgetting as well which does support his notion generalized memory problems.

Language functioning is relatively intact. He demonstrated no difficulty in language fluency, category fluency, and confrontation naming.

Executive function assessment indicates significant difficulties with frontal lobe functioning. This also underlines the earlier finding of difficulty with processing speed, organization, attention and concentration. On the Wisconsin Card Sorting Test he was able to resolve this simple sorting problem, but did have difficulty with common sense reasoning and had frequent errors. This supported the notion that he had difficulty focusing on attending to this task. Color Trails Test one and two was also administered. Although he was able to complete this task without error, he was significantly slowed and demonstrated some difficulty with attention and concentration.

Personality assessment indicates a very proud man who is used to being fiercely independent in his life. He has difficulty reaching out to others, and feels less than a man

if he is dependent in any way. He demonstrates significant symptoms of depression, anxiety, and impulse control difficulties. He sees issues of psychological difficulties as sign of weakness and will be very reluctant to acknowledge them to anyone. He has a tendency to hold things in until they become too much to handle and then he will have periodic outbursts. He prides himself in his integrity, his duty and obligation to his family and people he loves, and his willingness to adhere to expectations and values of his family and society.

In summary, Mr. Gary Gibson was seen for an independent neuropsychological evaluation. These finding indicate difficulties in the area of memory, attention, concentration, organization, and sustained effort as well as abstract problem-solving and concept formation. These deficits are directly related to the actions he was in June 2013. Because of the lack of time that has passed, these deficits are considered permanent in nature and life altering in experience. This is consistent with his previous neuropsychological evaluation done in 2014.

Diagnoses include cognitive disorder, not otherwise specified, major depressive disorder. As diagnosed in the past, he has a mild traumatic brain injury as well. Major recommendations include individual counseling for Mr. Gibson in an effort to develop more helpful coping skills associated with the deficits encountered. Also counseling for his family and children would be very helpful. This counseling should take place over a period of at least two years on a weekly basis.

Thank you for this interesting referral. If there are questions or concerns, please feel free to contact me.

Sincerely

Thomas J. Haley, Ph.D.
Neuropsychologist