IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY GIBSON JR., and SHAWNA GIBSON, husband and wife;<br><br>Plaintiffs,<br><br>vs.<br><br>BRIESON JENSEN, and FARMERS CO-OPERATIVE,<br><br>Defendants. | 8:16CV296<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Defendants' (Brieson Jensen and Farmers Co-Operative) motion to compel a mental evaluation of Plaintiff Gary Gibson, Jr. (Filing No. 47). For the reason set forth below the motion is granted, subject to the restrictions in this order.

## BACKGROUND

This suit arises out of injuries Plaintiff Gary Gibson, Jr. ("Gibson") sustained in a June 26, 2013 motor vehicle accident. Gibson is seeking damages for the injuries he sustained from the accident. He has been diagnosed with a "mild traumatic brain injury, . . . major depressive disorder, and related difficulties in the areas of memory, attention, concentration, organization, and problem solving." (Filing No. 49 at CM/ECF p. 3).

In compliance with the Final Progression Order (Filing No. 15), Plaintiffs disclosed their expert witnesses and reports on February 1, 2017. Included in the disclosures was the expert report of Dr. Thomas Haley. Dr. Haley opined Gibson is suffering from the above-mentioned mental and emotional conditions.

The deadline for disclosing Defendants' expert witness reports was originally April 3, 2017. Defendants sought, and received, an extension until May 3, 2017. By agreement, the parties further extended Defendants' disclosure deadline until May 10, 2017. On that date, Defendants provided Plaintiffs with their expert reports and disclosures, including those of neurophychiatrist Dr. Terry Davis and neuropsychologist Dr. Deborah Hoffnung. Dr. Hoffnung's recommended that Gibson undergo a more thorough psychiatric evaluation "as well as a comprehensive evaluation of cognitive functions, mood, and behavior with a neuropsychological evaluation that includes measures of performance validity, conducted by a board-certified neuropsychologist." ([Filing No. 48-1 at CM/ECF p. 29](Filing No. 48-1 at CM/ECF p. 29)).

The parties communicated during the month of May and participated in an unsuccessful mediation on May 15, 2017. On May 23, 2017, the parties participated in a telephonic status conference with the undersigned Magistrate Judge. Defendants requested that Plaintiff Gibson be made available in Omaha for mental examinations by Drs. Davis and Hoffnung, pursuant to [Fed. R. Civ. P. 35](Fed. R. Civ. P. 35). Defendants filed the pending motion to compel under Rule 35 on June 1, 2017.

## ANALYSIS

Under Rule 35, a court may order a mental or physical examination of a party if that party's mental or physical condition is placed at issue. [Fed. R. Civ. P. 35(a)(1)](Fed. R. Civ. P. 35(a)(1)). Once a party makes specific allegations of a specific mental or psychiatric injury or disorder, or offers expert testimony to support a claim of mental illness, the plaintiff's mental condition has been placed "at issue" for the purposes of Rule 35 and the moving party has shown good cause for the

examination. See Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964); Auer v. City of Minot, 178 F. Supp. 3d 835, 842 (D. Minn. 2016)(collecting cases). The decision to allow a Rule 35 examination, together with the proper scope and procedures applicable to the examination, are within the sound discretion of the court. Sanden v. Mayo Clinic, 495 F.2d 221, 225 (8th Cir.1974).

Rule 35 and the Final Progression Order

Plaintiffs argue Defendants have filed their motion out of time because the deadline set for filing motions to compel was February 15, 2017 and Defendants full expert disclosures and reports were due May 10, 2017. Thus, Plaintiffs assert any attempt to supplement the expert disclosures with the results of a Rule 35 examination is untimely.

Plaintiff asserts Defendants were required to file their motion to compel the Rule 35 mental examination by the motion to compel deadline set forth in paragraph 6 of the Final Progression Order. (Filing No. 15). Paragraph 6 provides:

> The deadline for completing written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure is February 1, 2017. Motions to compel Rule 33 through 36 discovery must be filed by February 15, 2017 Note: Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

(Filing No. 15, ¶6). Plaintiffs argue the deadline for filing a motion for a Rule 35 examination was February. The question is whether paragraph 6 applies to Rule 35 examinations and, quite frankly, the issue has never been raised before. The court intended paragraph 6 to apply solely to written discovery: It does not

3

consider a Rule 35 examination a part of "written discovery" for the purposes of paragraph 6. And the parties have not presented any evidence that prior to their dispute arising, they formed any agreement on whether a motion for a Rule 35 examination should be included in the deadline established in paragraph 6. Because the language in the court's Final Progression Order is not the model of clarity, the court finds even if it can be interpreted as creating a deadline for motions for Rule 35 examinations, Defendants should not be bound by the February 15, 2017 motion to compel deadline in paragraph 6 of the Final Progression Order.[1]

Timing of the Rule 35 motion

Finding paragraph 6 of the Final Progression Order did not clearly set a Rule 35 motion deadline, the court must address whether the Rule 35 examination request is untimely as beyond Defendants' expert witness disclosure deadline. As this court has previously held, the requirements of the timing of expert disclosures as governed by Rule 26, and the timing of a request for an examination under Rule 35 generally operate independent of one another. See Perez v. Viens, no. 4:09cv3206, 2011 WL 855673 (D. Neb. March 8, 2011) (citing Waggoner v. Ohio Central Railroad, Inc., 242 F.R.D. 413 (S.D. Ohio 2007)). As explained in Waggoner:

---

[1] If the motion to compel deadline is read as applying to motions for Rule 35 examinations, Defendants argue the time should be extended for "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(A) due to the ambiguity in the scheduling order. The request could also be considered a motion to modify the scheduling order for "good cause" under Fed. R. Civ. P. 16(b)(4). Under either standard, Defendant's argument is well taken, based on the unclear language of paragraph 6 of the Final Progression Order. To the extent Defendants missed the deadline for motions to compel contained in the Final Progression Order, they are allowed to file a motion for a Rule 35 examination out of time.

> At the time a party requests a Rule 35 examination, it is not necessarily the case that the examining physician will be called to testify at trial. Often, the results of the examination simply confirm what the injured party's doctors have reported, and the Rule 35 examiner therefore serves only as a consultant to the defending party and not as a trial witness.

Waggoner, 242 F.R.D. at 414. But when the moving party attempts to use the report from the Rule 35 examination as its expert witness disclosure, "the distinction evaporates." Perez, 2011 WL 855673 at *3. That is, when a Rule 35 examination is used to supplement or inform an expert's opinions for use at trial, the difference between the reports disappears, or begins to, and the court becomes more reluctant to allow a Rule 35 examination for the purpose of bolstering an expert's opinions out of time.

For instance, in Perez, the defendant sought an Rule 35 examination for two distinct purposes: 1) to receive a current report on the plaintiff's physical limitations and 2) to determine if the accident at issue caused the defendant's alleged injuries. The defendant in Perez had not disclosed an expert within the necessary deadline and waited until discovery was almost closed prior to filing a motion for a Rule 35 examination. The court allowed the Rule 35 examination, but the examining physician's testimony was limited to discussing the plaintiff's physical limitations and not his opinion as to the cause of those limitations.

Here, Defendants have disclosed experts and expert reports and moved for a Rule 35 examination prior to the close of discovery. Defendants are not asking the Rule 35 examiner to opine on causation. Rather, they apparently question whether Gibson is actually experiencing the symptoms to the severity reported by Plaintiffs' expert. Defendants characterize their Rule 35 examination request as the basis for "supplementing" their prior expert disclosures, but the

court will not permit using an in-person examination of Gibson to generate previously undisclosed opinion testimony. In other words, the court will not afford Defendant a second chance to generate expert reports based on a Rule 35 examination that was requested after the expiration of the expert report deadline.

However, Plaintiffs have clearly put Gibson's mental health at issue by claiming Gibson suffers from specific emotional and psychiatric trauma and by offering expert testimony to support that claim. Under Rule 35 and supporting case law, Plaintiff's allegations provide good cause for an Rule 35 examination.[2] The request was made prior to the close of all discovery, although not before the expert report deadline expired. Thus, the court will allow Defendants to conduct a mental examination of Gibson, but for only limited purposes. As in the Perez case, the scope of the exam and its subsequent use in this case will be subject to motions in limine regarding the use of the exams. That is, any expert report or expert testimony based on the Rule 35 examination shall be considered equivalent to the testimony of a non-retained treating physician's testimony, with any admissible evidence (in this case, medical diagnosis and testing results) limited accordingly. But the Rule 35 examination shall not be used as a basis for new opinions, or as a new basis for opinions on causation of Gibson's injuries; future prognosis; whether the medical and mental health treatment Plaintiff received (and the related expenses incurred) was fair, reasonable, and necessary; the likely need for future treatment and the projected cost of that treatment; and the results of the Rule 35 examination will not be permitted as a "supplement" the defense experts' previous reports.

---

[2] Plaintiffs object to a Rule 35 examination because of the hardship Gibson will experience traveling to Omaha, Nebraska. But the fact Gibson may be inconvenienced is not a factor in the "good cause" analysis. While the court is not unsympathetic, Plaintiffs initiated this lawsuit in Omaha, Nebraska, and they can be expected to travel to Omaha for business related to the suit.

Accordingly,

IT IS ORDERED:

1) Defendants' motion for a Rule 35 examination of Plaintiff Gary Gibson, Jr. is granted, as limited by this order.

2) The parties shall confer to schedule the Rule 35 examination.

3) Defendants request for an oral argument on the motion is denied.

Dated this 12th day of July, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.